**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHECKERS DRIVE-IN RESTAURANTS,**
**INC., a Delaware corporation,**
       **Plaintiff/Counterclaim Defendant,**

**-vs-**                                                  **Case No.  6:06-cv-300-Orl-28KRS**

**TITAN HOLDINGS, LLC, a Michigan**
**limited liability company,**
       **Defendant/Counterclaimant,**

**MARK MITCHELL and ROBERT**
**SOWISLO,**
       **Defendants.**

_____

**TITAN HOLDINGS, LLC, a Michigan limited**
**liability company,**
       **Third-Party Plaintiff,**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF CHECKERS DRIVE-IN RESTAURANTS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SECOND REQUEST FOR PRODUCTION TO DEFENDANT MARK MITCHELL (Doc. No. 178)
>
> **FILED:** March 5, 2007
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On March 5, 2007, Plaintiff Checkers Drive-In Restaurants, Inc. (Checkers) filed and served the present motion seeking an order compelling Defendant Mark Mitchell to produce documents in response to its Second Request for Production.

Pursuant to the Case Management and Scheduling Order, Mitchell was required to file a response to this motion within eleven days after it was served, plus three days for mailing time. Doc. No. 71 at 5 n.1. Mitchell has not filed a response to the motion as of the writing of this order, and the time for doing so has passed. Therefore, I treat the motion as unopposed.

Accordingly, it is **ORDERED** that, on or before April 5, 2007, Mitchell shall produce documents responsive to Checkers's Second Request for Production within his possession, custody or control for inspection and copying. All objections to the requests, other than privilege or protection, have been waived by failure to assert them in a timely response to the requests. To the extent that Mitchell asserts that responsive documents, or portions thereof, are privileged or protected, he must assert those objections as to each document, or portion thereof, withheld from production in a privilege log served on or before April 5, 2007.

The privilege log produced by Mitchell, if any privileges or protections are asserted, must identify each document or item of information withheld pursuant to a claim of privilege or protection by date, source, recipients, and specific privilege or protection claimed, and must describe the subject matter of each document or item of information withheld in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von*

*Bulow*, 811 F.2d 136, 144 (2d Cir.1987)). The privilege log must be adequate on its face to establish *prima facie* support for the claimed privilege or protection.

Checkers also seeks an award of the reasonable expenses it incurred in bringing the present motion. Such relief is provided for under Federal Rule of Civil Procedure 37(a)(4) when a motion to compel is granted and there is no showing that the objections made to the discovery were substantially justified or that other circumstances make an award of expenses unjust. Having filed no response to the motion, Mitchell has not presented any basis to conclude that his failure to respond to the discovery request was substantially justified or that other circumstances make an award of expenses unjust. Accordingly, it is **ORDERED** that, on or before April 5, 2007, Mark Mitchell shall tender to counsel for Checkers Drive-In Restaurants, Inc. the sum of $500.00 to compensate the movant, in part, for the attorneys' fees and costs it incurred in filing the motion to compel.

**DONE** and **ORDERED** in Orlando, Florida on March 21, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties