# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHECKERS DRIVE-IN RESTAURANTS,
INC., a Delaware corporation,**
      Plaintiff/Counterclaim Defendant,

**-vs-**                                            **Case No. 6:06-cv-300-Orl-28KRS**

**TITAN HOLDINGS, LLC, a Michigan
limited liability company,**
      Defendant/Counterclaimant,

**MARK MITCHELL and ROBERT
SOWISLO,**
      Defendants.

**TITAN HOLDINGS, LLC, a Michigan limited
liability company,**
      Third-Party Plaintiff,

## ORDER

This cause came on for consideration after oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF CHECKERS DRIVE-IN RESTAURANTS, INC.'S MOTION TO COMPEL TITAN HOLDING, LLC TO SERVE COMPLETE ANSWERS TO INTERROGATORIES IN ACCORDANCE WITH FED. R. CIV. P. 33 (Doc. No. 161)**
>
> **FILED:** February 2, 2007
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

For the reasons stated on the record during the hearing, it is **ORDERED** that Defendant Titan Holding, Inc. (Titan) shall provide sworn supplemental answers to interrogatories 2, 9 and 10 to Plaintiff Checkers Drive-In Restaurants, Inc. (Checkers) on or before June 28, 2007. The motion for sanctions is **DENIED** without prejudice to renewing it, if necessary, if the Court finds, pursuant to a subsequent motion to compel, that the supplemental answers to these interrogatories were insufficient.

> **MOTION:** **DEFENDANT TITAN HOLDINGS, LLC'S MOTION TO COMPEL DISCOVERY (Doc. No. 166)**
>
> **FILED:** February 16, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

For the reasons stated on the record during the hearing, it is **ORDERED** as follows:

1. The motion to compel a more complete privilege log is **GRANTED**. An amended privilege log listing only documents responsive to the requests at issue withheld pursuant to the assertion of a privilege or protection shall be served on counsel for the movant on or before June 28, 2007. As to each document or portion thereof withheld, the privilege log shall contain the following information:

    a. The name and job title or capacity of the author;

    b. The name and job title or capacity of each recipient;

    c. The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

        d.        The title and description of the document;

        e.        The subject matter addressed in the document;

        f.        The purpose(s) for which it was prepared or communicated; and

        g.        The specific basis for the claim that it is privileged.

Should the validity of the asserted privileges and protections be challenged, the party asserting the privileges and protections must provide the following in its response to a motion to compel production of the listed documents: (1) a memorandum of law discussing the elements of each privilege or protection asserted; (2) the amended privilege log for the documents at issue; and, (3) an appendix containing "affidavits, deposition testimony, other sworn statements or other evidence" upon which it relies to support each element of each asserted privilege or protection in dispute. *See CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at * 5 (M.D. Fla. July 20, 1995). The appendix shall be organized so that the evidence submitted in support of the privileges or protections asserted is specifically correlated with the document to which the evidence applies. The amended privilege log, appendix and accompanying memorandum of law must be sufficient to establish a *prima facie* case to support assertion of the privilege. No party may submit documents for the Court's *in camera* review, unless the Court issues a subsequent order requesting such submissions. *See id.* (court not required to undertake *in camera* review of documents when proponent of work product doctrine has failed to meet its burden of presenting sufficient evidentiary support for application of the protection.).

      2.        The motion to compel production of documents responsive to request number 14 is **DENIED**.

3. The motion to compel production of documents responsive to request number 31 requesting communications between any franchisee and Checkers is **GRANTED** based upon Titan's agreement to produce responsive documents, which documents shall be produced on or before June 28, 2007.

4. The motion to compel production of documents responsive to request numbers 1 through 6 and 22 through 30 will be addressed in a subsequent order.

4. The request for sanctions is **DENIED** because the motion was granted in part and denied in part.

> **MOTION:** **PLAINTIFF CHECKERS DRIVE-IN RESTAURANTS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT TITAN HOLDINGS, LLC AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARK MITCHELL (Doc. No. 168)**
>
> **FILED:** February 20, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

It is **ORDERED** that Titan and Defendant Mark Mitchell shall produce, on or before June 28, 2007, responsive documents as agreed to on the record during the hearing. The motion for sanctions is **DENIED** without prejudice to renewing it, if necessary, if the Court finds, pursuant to a subsequent motion to compel, that the supplemental production of documents was insufficient.

> **MOTION:** DEFENDANT TITAN HOLDINGS, LLC'S AND MARK MITCHELL'S MOTION TO COMPEL DISCOVERY (Doc. No. 202)
>
> **FILED:** April 16, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

It is **ORDERED** that, on or before June 28, 2007, Keith E. Sirois, S. Patric Plumley, Steve Cohen, Adam Noyes, Richard Turer, Ron Levondosky and Brian R. Doster shall produce documents responsive to the requests at issue pursuant to the agreement stated on the record during the hearing.  The motion for sanctions is **DENIED** without prejudice to renewing it, if necessary, if the Court finds, pursuant to a subsequent motion to compel, that the supplemental document production was insufficient.

> **MOTION:** DEFENDANT TITAN HOLDINGS, LLC'S MOTION FOR RECONSIDERATION OF ORDER (Doc. No. 213)
>
> **FILED:** May 3, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The Order dated May 2, 2007, doc. no. 212, is **VACATED** for the reasons stated on the record during the hearing.

> **MOTION:** **PLAINTIFF CHECKERS DRIVE-IN RESTAURANTS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO SECOND REQUEST FOR PRODUCTION TO DEFENDANT TITAN HOLDINGS, LLC (Doc. No. 200)**
>
> **FILED:** April 16, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

Based upon the representations of counsel made during the hearing, the issues presented in this motion are moot. After review of documents produced after the motion was filed, Checkers may file, if necessary, a renewed motion to compel to the extent that it contends that the supplemental production of documents was insufficient.

**DONE** and **ORDERED** in Orlando, Florida on June 7, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties