**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHECKERS DRIVE-IN RESTAURANTS,**
**INC., a Delaware corporation,**
      **Plaintiff/Counterclaim Defendant,**

**-vs-**                                            **Case No. 6:06-cv-300-Orl-28KRS**

**TITAN HOLDINGS, LLC, a Michigan**
**limited liability company,**
      **Defendant/Counterclaimant,**

**MARK MITCHELL and ROBERT**
**SOWISLO,**
      **Defendants.**

_____

**TITAN HOLDINGS, LLC, a Michigan limited**
**liability company,**
      **Third-Party Plaintiff,**

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT TITAN HOLDINGS, LLC'S MOTION TO COMPEL DISCOVERY (Doc. No. 166)**
>
> **FILED:** February 16, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** as to the issues not previously resolved.

I previously reserved ruling on the portion of the above-referenced motion in which Defendant Titan Holdings, LLC (Titan) sought to compel Plaintiff Checkers Drive-In Restaurants, Inc.

(Checkers) to produce documents responsive to Titan's requests for production numbers 1 through 6, 20 and 22 through 30.[1]  Doc. No. 229 at 4.  In sum, these requests seek production of documents that would support Titan's theory that Checkers' decision to terminate Titan's franchise and cure agreements was done with fraudulent intent in order to reacquire the Titan restaurants and thereby increase the value of Checkers for the individuals, including Checkers' directors, and entities who acquired Checkers in a "going private" sales transaction in June 2006.

Checkers contends that these documents are not relevant to the issue of whether Titan breached the franchise and cure agreements.  If breach of contract were the only cause of action at issue in the case, Checkers' argument would be well taken.  However, Titan asserts causes of action against Checkers and the individuals and entities that acquired Checkers in the going private transaction alleging tortious interference, breach of the implied duty of good faith and fair dealing, fraud in the inducement regarding Titan's entry into the cure agreement, fraud to induce Titan to make payments under the cure agreement, breach of fiduciary duty, civil conspiracy and promissory estoppel.  Doc. Nos. 125, 175.  Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery relevant to any claim of any party.  The information sought in requests 1 through 6, 20 and 22 through 30 are relevant to Titan's causes of action and is, therefore, discoverable.

In response to requests 1 through 6 and 20, Checkers tendered documents filed with the Securities and Exchange Commission (SEC) in connection with the going private transaction.  This

---

[1] During the hearing, Titan agreed to limit requests 22 through 30 to documents related to franchisees who defaulted or entered into work-around or cure agreements from January 2004 through March 7, 2006.  This limitation is appropriate.

response is insufficient because these requests are not limited to documents that were disclosed to the SEC.

Checkers objected to the requests at issue as unduly burdensome. Checkers did not present evidence to support its objection that responding to the request would be unduly burdensome. Accordingly, the burdensomeness objection is unavailing. *See Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998).

Checkers also objected to the requests as overbroad because they seek documents predating Titan's signing of the cure agreement and are not limited to the documents relevant to Titan and the going private transaction. Titan's theory, however, is that discovery into Checkers' efforts to market the company for sale may reveal why Checkers apparently changed its position from working with Titan to help it keep its franchises to declaring Titan in default. Such information may lead to the discovery of admissible evidence in support of Titan's claims of fraud, tortious interference, and the like, and I find that Titan has established good cause to obtain discovery relevant to the subject matter involved in the action. Therefore, the overbreadth objection is also unavailing.

Accordingly, it is **ORDERED** as follows: On or before July 27, 2007, Checkers shall produce all documents in its possession, custody or control responsive to Titan's requests for production numbers 1, 2, 3, 4, 5, 6, and 20, and requests 22, 23, 24, 25, 26, 27, 28, 29 and 30 as limited, *see* n. 1 *supra*. To the extent that Checkers withholds any responsive documents based on the assertion of a privilege or protection, it must serve on or before July 27, 2007, a privilege log listing each document, or portion thereof, withheld in the form required by my Order Regarding Privilege Logs, doc. no. 230. If confidentiality issues arise apart from assertions of a privilege or protection that

cannot be resolved by the parties, Checkers must file a motion for a protective order before the date on which production of responsive documents is due.

**DONE** and **ORDERED** in Orlando, Florida on June 28, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties